# SALMON ♦ RICCHEZZA ♦ SINGER & TURCHI LLP

JEFFREY A. SEGAL
646-432-5508
jsegal@srstlaw.com

www.srstlaw.com

110 East 59th Street
22nd Floor
New York, NY 10022

TELEPHONE: 646-432-5508
FAX: 646-432-5509

September 10, 2026

**VIA E-MAIL**
Judge Jessica G. L. Clarke
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

MEMO ENDORSED

**RE: Ronald Raymond v. U.S. Xpress Leasing, Inc. and Nicholas S. Jacobs Cook**
**DOL 5/10/23**
**Civil Action No. 7:26-cv-02436-JGLC**
**Our File No. 400603**

Dear Judge Clarke:

We represent Defendants, U.S. Xpress Leasing, Inc. and Nicholas Jacobs Cook in the above matter and hereby submit the within joint letter request for adjournment of early mandatory mediation and a new date be set for mediation conclusion of fact and/or expert discovery, on consent of all counsel.

Per the Court's text order of May 9, 2026, this case was to be referred for court mediation with a mediator assigned by May 18, 2026. Subsequently, on May 29, 2026, a Notice of Mediation Assignment was issued.

Plaintiffs and defendants have not yet exchanged answers to interrogatories or requests to produce, and initial Rule 26 disclosures are not yet complete. Plaintiff counsel has advised that plaintiff intends to assert a significant economic damages claim in this matter which will require production of a plaintiff economic expert asserting past and future wage and economic loss. Defense counsel has advised that any mediation must be scheduled out at least 45 days after production of that damages report (or after production of adequate supports), to ensure defendants have sufficient time to evaluate the economic claims and request appropriate authority. Ideally, defendants would also likely require time for a rebuttal economic report; but as a bare minimum, defendants will require supports sufficiently in advance of mediation to secure authority. To date, plaintiff has not produced wage loss supports or an economic report, and has advised it requires additional time in discovery to obtain this.

In light of the above, plaintiff counsel and defense counsel all agree that a mediation at this juncture would not be worthwhile, as defendants cannot obtain authority to resolve anticipated claims that have not yet been supported with evidence.

In light of the foregoing, counsel hereby jointly request that mediation be cancelled at this juncture, with a new deadline set after close of discovery to allow additional time for plaintiff to produce the required economic report and/or supports at least 45 days before mediation to give defendants adequate time to secure authority.

Thank you for your consideration of this request.

Respectfully Submitted,

SALMON, RICCHEZZA, SINGER & TURCHI LLP

By: /s/ Jeffrey A. Segal
Jeffrey A. Segal
Ian Kingsley

Cc: Jon L. Norinsberg, Esquire

IT IS HEREBY ORDERED that the mediation conference in this matter, previously scheduled for September 23, 2026, at 10:00 a.m., is CANCELED. The Court will enter a separate Order setting out the next steps in this action. The Clerk of Court is directed to terminate ECF No. 9.

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

Dated: September 15, 2026
White Plains, New York